IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THEORDORE RICHARDSON,  :  Civil No. 1:22-CV-01627
:
     Petitioner,  :
:
     v.  :
:
MS. J. SAGE, *et al.*,  :
:
     Respondents.  :  Judge Jennifer P. Wilson

## MEMORANDUM

Petitioner Theordore Richardson ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") calculation of his sentence, specifically alleging that the BOP failed to credit his sentence for time served in state custody.  (Doc. 1.)   Because Petitioner failed to exhaust his administrative remedies, the court will dismiss the petition.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated this action in October of 2022, alleging that the BOP failed to credit his sentence for time served in state custody from August 20, 2020 to June 8, 2021.  (Doc. 1.)  After Petitioner paid the requisite filing fee, the court entered an order to show cause and serve Respondents.  (Docs. 6, 7.)  Respondents filed their response on November 22, 2022.  (Doc. 8.)  Petitioner did not file a traverse.  The petition is now ripe for the court's review.

1

**DISCUSSION**

While § 2241 does not contain an explicit statutory exhaustion requirement,

the United States Court of Appeals for the Third Circuit has consistently required a

petitioner to exhaust his administrative remedies before filing a § 2241 petition.

*See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to

develop a factual record and apply its expertise facilitates judicial review; (2)

permitting agencies to grant the relief requested conserves judicial resources; and

(3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682

F.2d 1050, 1052 (3d Cir. 1981)).

Thus, "a federal prisoner who . . . fails to exhaust his administrative

remedies because of a procedural default, and subsequently finds closed all

additional avenues of administrative remedy, cannot secure judicial review of his

habeas claim absent a showing of cause and prejudice." *See id*. at 762.  Exhaustion

is not required, however, if there is no opportunity to obtain adequate redress, if the

issue presented only pertains to statutory construction, or if the prisoner makes an

affirmative showing of futility.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.

1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*,

682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

In the petition, Petitioner alleges that he presented the issue in the prison's internal grievance procedure, but was told that "there's nothing can be done here at the (BOP)." (Doc. 1, pp. 7–8.)[1]  In the documents accompanying the response, Respondents present evidence that Petitioner has filed only one grievance with the BOP, No. 1132465-F1, on September 2, 2022.  (Doc. 8-1, pp. 5, 21.)  The

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

grievance was initially rejected because not all the pages were legible.  (*Id.*)

Petitioner then resubmitted the same grievance under No. 1132465-F2, on

September 15, 2022.  (*Id.*)  The resubmitted grievance was denied on September

20, 2022.  (*Id.*)  Petitioner did not appeal the denial to the Regional Director.

The court concludes that Petitioner has failed to exhaust his administrative

remedies.  Furthermore, he did not raise an exception to the exhaustion

requirement in his petition and he failed to file a traverse raising such an exception.

Petitioner has been provided the outline of proper exhaustion above,

including form numbers.  He is required to follow this process before the court can

proceed with considering his petition.  Accordingly, the court will dismiss this

petition for failing exhaust administrative remedies.

### CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 26, 2023